IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| CENTRAL ILLINOIS CARPENTERS HEALTH & WELFARE TRUST FUND, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 09-3169 ) |
| KASWELL & CO., INC. and NORMAN J. KASWELL, individually, | ) ) ) ) |
| Defendants. | ) |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

Pending before the Court are Plaintiffs' Application for Entry of Default (d/e 14) and a pro se Motion to Dismiss by Individual Defandant [sic] Norman J. Kaswell (d/e 18) (Motion to Dismiss). On July 2, 2009, Plaintiffs filed the pending four-count Complaint (d/e 1), alleging claims against Defendants Kaswell & Co., Inc. (Counts I and III) and Norman J. Kaswell, individually (Counts II and IV) for delinquent contributions under the Employee Retirement Income Security Act of 1974 ("ERISA"). 29 U.S.C. §1001 et seq. Defendants were served on July 13, 2009. Summons

1

returned executed (d/e 5) (Norman Kaswell); Summons returned executed (d/e 6) (Kaswell & Co., Inc.). Defendants failed to appear, and Magistrate Judge Charles H. Evans directed several status reports regarding further prosecution of the case. Status reports filed by Plaintiffs consistently represented that the parties were pursuing settlement. However, on April 19, 2010, Plaintiffs filed the pending Application for Entry of Default, seeking entry of default against both Defendants. On April 23, 2010, Defendant Norman Kaswell filed the instant Motion to Dismiss, asserting that the Court lacks personal jurisdiction over him and that he is not a proper party because he is not the employer for purposes of ERISA and cannot be held personally liable for alleged unpaid contributions by Kaswell & Co., Inc. Plaintiffs then filed a Response to Motion to Dismiss (d/e 19) and an Amendment to Response to Motion to Dismiss (d/e 20), which the Court will consider. For the reasons set forth below, the Application for Entry of Default and the Motion to Dismiss are allowed in part and denied in part.

I.      PLAINTIFFS' APPLICATION FOR ENTRY OF DEFAULT

Plaintiffs' Application for Entry of Default seeks an entry of default against both Defendants. Defendant Kaswell & Co., Inc. has been served

with summons and complaint as shown by the file in this case and has not answered or otherwise plead to the Complaint filed herein. Therefore, default against Kaswell & Co., Inc. is appropriate, and the Application for Entry of Default is allowed as it relates to this Defendant. It is ordered that default be and the same is hereby entered against Defendant Kaswell & Co., Inc. for its failure to appear, answer, or otherwise plead in this cause in the time and manner provided by the Federal Rules of Civil Procedure and the Rules of this Court.

While Defendant Norman Kaswell did not answer or otherwise plead to the Complaint within the requisite time period, he did appear following the filing of the Application for Entry of Default and has filed a Motion to Dismiss. Considering this filing, together with Norman Kaswell's pro se status, the Court does not deem default to be appropriate against him. Therefore, the Application for Entry of Default is denied as it relates to Defendant Norman Kaswell.

## II.   DEFENDANT NORMAN KASWELL'S MOTION TO DISMISS

### A.   Personal Jurisdiction

Norman Kaswell asserts that the Court lacks personal jurisdiction over him. Federal Rule of Civil Procedure 12(b)(2) allows a defendant to raise

lack of personal jurisdiction as a defense. Plaintiffs bear the burden of demonstrating that personal jurisdiction exists. GCIU-Employer Retirement Fund v. Goldfarb Corp., 565 F.3d 1018, 1023 (7th Cir. 2009). "Any district court in which a plaintiff brings an action under Title I of ERISA will have personal jurisdiction over the defendant, if the defendant is properly served and has sufficient minimum contacts with the United States." Id. (internal quotations and citation omitted). The record reveals that Defendant Norman Kaswell was properly served. Summons returned executed (d/e 5). Additionally, Norman Kaswell concedes that he is, and was at all relevant times, a resident of the Commonwealth of Massachusetts and that he acted with respect to the transaction at issue in Massachusetts. Motion to Dismiss, ¶¶ 2-3. Thus, there is clearly sufficient contact with the United States to establish both general and specific personal jurisdiction over Norman Kaswell. See GCIU-Employer Retirement Fund, 565 F.3d at 1023. Norman Kaswell's request to dismiss for lack of personal jurisdiction is denied.

    B.    Failure to State a Claim

Norman Kaswell further asserts that he is not a proper party because he is not the employer for purposes of ERISA and he cannot be held

personally liable for the alleged unpaid contributions of Kaswell & Co., Inc.

Federal Rule of Civil Procedure 12(b)(6) provides the vehicle for a request to dismiss based on the failure to state a claim upon which relief can be granted. To withstand a motion to dismiss under Rule 12(b)(6), Counts II and IV, when viewed in the light most favorable to the Plaintiffs, must set forth a short and plain statement showing that Plaintiffs are entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). The allegations of the counts must plausibly suggest that Plaintiffs are entitled to relief. Twombly, 550 U.S. at 569 n.14. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). As the Supreme Court has recognized, "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

ERISA "imposes a federal obligation on employers who contractually

agree to contribute to employee pension plans." Central Laborers' Pension, Welfare and Annuity Funds v. Icon Construction Serv. Inc., 2009 WL 4043091, at *2 (S.D. Ill. Nov. 23, 2009) (citing 29 U.S.C. § 1145; Sullivan v. Cox, 78 F.3d 322, 325 (7th Cir. 1996)). Plaintiffs allege that Norman Kaswell is obligated to pay contributions based on a labor agreement that he signed as President of Kaswell & Co., Inc. and corresponding collective bargaining agreements and agreements and declarations of trust. Complaint, Count II, ¶¶ 3 & 7, Count IV, ¶¶ 3 & 7, & Ex. A. The Seventh Circuit has recognized that, in enacting 29 U.S.C. § 1145, Congress did not intend to upset the general rule that individuals are not liable for corporate debt. Sullivan, 78 F.3d at 325. However, an individual can be held liable for a corporation's obligations under ERISA under certain circumstances, including those in which the corporation is an alter ego of the individual or when facts exist that warrant piercing the corporate veil. Icon Construction Serv. Inc., 2009 WL 4043091, at *2 (citing Plumbers' Pension Fund v. Niedrich, 891 F.2d 1297, 1299 (7th Cir.1989)); see also Trustees of Chicago Painters v. Destiny Decorators, Inc., 2009 WL 3188687, at *10 (N.D. Ill. Sept. 30, 2009). An individual may also be personally liable under ERISA when the individual contractually accepted responsibility for corporate

6

liability, thus becoming an employer obligated to make contributions. See Sullivan, 78 F.3d at 325.

Plaintiffs Central Illinois Carpenters Health & Welfare Trust Fund, Carpenters Pension Fund of Illinois, and Carpenters Retirement Savings Fund of Illinois are collection agents for Plaintiffs Carpenters Local Union No. 44 and Mid-Central Illinois Regional Council of Carpenters with respect to the collection of delinquent employee fringe benefit contributions. Plaintiffs allege that Norman Kaswell is an "employer" within the meaning of §§1002 (5), (11), (12) and (14) of ERISA. Complaint, Count II, ¶ 3 & Count IV, ¶ 3.

Count II contains Plaintiff Central Illinois Carpenters Health & Welfare Trust Fund's claim against Norman Kaswell. Count II asserts that, at the time the agreements at issue in the instant case were entered into, Norman Kaswell had no intention of reporting all hours worked by covered employees, paying contributions for all hours worked by covered employees, or otherwise complying with the provisions of the agreements. Complaint, Count II, ¶ 12. Count II alleges on information and belief that Norman Kaswell was responsible for deciding whether or not to report all hours worked by covered employees, paying contributions for all hours worked by

7

covered employees, and otherwise complying with the provisions of the agreements. Id. Count II further asserts, upon information and belief, that Norman Kaswell either by his own actions or by directing other employees of Kaswell & Co., Inc. refused or intentionally failed to report all hours worked by covered employees, pay contributions for covered employees, or otherwise comply with the terms of the applicable agreements. Complaint, Count II, ¶ 13. Count II asserts on information and belief that Norman Kaswell is an agent of Kaswell & Co., Inc. "and was in control of labor relations and exerted control over the Defendant, KASWELL & CO., INC., and the unreported employees and hours and delinquent contributions owed as set forth herein." Id., Count II, ¶ 14. Finally, Count II asserts that Norman Kaswell interfered with the rights of employees under the agreements at issue. Id., Count II, ¶ 16.

Count IV contains claims against Norman Kaswell by Plaintiffs Carpenters Pension Fund of Illinois and Carpenters Retirement Savings Fund of Illinois. While Plaintiffs argue that Count IV contains allegations similar to Count II relating to Norman Kaswell personally, a review of the Complaint reveals that it does not. See Response to Motion to Dismiss, p. 4; Complaint, p. 18-22. It appears that the allegations may have

inadvertently been included in Count III, which relates only to Defendant Kaswell & Co., Inc.[1] However, Count IV does not purport to incorporate by reference allegations from other Counts. Thus, the only applicable allegations in Count IV are that Norman Kaswell is an "employer" within the meaning of §§ 1002 (5), (11), (12) and (14) of ERISA and that he is liable for contributions, liquidated damages, attorney's fees, and costs under the agreements between Kaswell & Co., Inc and the Plaintiffs. Complaint, Count IV, ¶ 3, 6, 7, 10 & 13.[2]

Clearly, the allegations in Count IV provide only bare legal conclusions and are insufficient to state a claim against Norman Kaswell individually. Moreover, even if true, the allegations in Count II detailed above are insufficient to support a finding that circumstances exist under which Norman Kaswell could be held personally liable for Kaswell & Co., Inc.'s ERISA obligations. Indeed, it is unclear from the allegations which theory of personal liability the Plaintiffs are pursing. Thus, the Court finds

---

[1] The Court also notes that Count IV contains a reference to a "Defendant, OLANDIRAN EDWARD TAIWO, INDIVIDUALLY" which appears to be an error. Id., p. 18.

[2] On several occasions, Counts II and IV refer to the Defendant using the pronoun "it". Because these counts deal only with individual Defendant Norman Kaswell, the Court assumes that these references are error and should be "he" or "his".

9

that the Complaint is lacking in factual allegations sufficient to plausibly suggest that Norman Kaswell is personally liable to the Plaintiffs. Norman Kaswell's request to dismiss Counts II and IV for failure to state a claim is allowed. However, given the circumstances of the case, the Court grants Plaintiffs leave to amend their allegations against Norman Kaswell.

THEREFORE, Plaintiffs' Application for Entry of Default (d/e 14) is ALLOWED, in part, and DENIED, in part. The Application for Entry of Default is allowed as it relates to Defendant Kaswell & Co., Inc. Default is hereby entered against Defendant Kaswell & Co., Inc. Plaintiffs' claims against Defendant Kaswell & Co., Inc. are subject to dismissal for failure to prosecute unless within fourteen days of the entry of this Order, the Plaintiffs make application for the entry of a default judgment against Kaswell & Co., Inc. Plaintiffs' request for entry of default against Defendant Norman Kaswell is denied. The Motion to Dismiss by Individual Defandant [sic] Norman J. Kaswell (d/e 18) is ALLOWED, in part, and DENIED, in part. Norman Kaswell's request to dismiss for lack of personal jurisdiction is denied. However, Plaintiffs' claims against Norman Kaswell, Counts II and IV, are dismissed without prejudice for failure to state a claim. Plaintiffs are granted leave to file an amended

complaint on or before June 18, 2010.

IT IS THEREFORE SO ORDERED.

ENTER:   May 17, 2010

       FOR THE COURT:

                                    s/ Jeanne E. Scott
                                    JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE